141860v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHAEL GUTMAN

                                                          **COMPLAINT**

                      Plaintiff,                  **JURY TRIAL REQUESTED**

                -against-                      Index No. 06-cv-01173 (MBM)

THE COLLEGE NETWORK, INC.              **ECF CASE**

                      Defendant.

------------------------------------------------------------------------X

      Plaintiff, MICHAEL GUTMAN, by his attorneys, Reisman Peirez & Reisman, L.L.P., as and for his complaint, alleges:

### JURISDICTION AND VENUE

      1.    This case arises under the federal Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §621 *et seq.*), New York State Executive Law §296 and New York State common law.

      2.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental jurisdiction over state law claims.)

      3.    Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) because the defendant resides therein.

      4.    On June 1, 2005, plaintiff filed a complaint regarding the below-described conduct with the United States Equal Employment Opportunity Commission

141860v1

through a joint filing with the New York State Division of Human Rights. On December 2, 2005, a right-to-sue letter was issued to plaintiff.

## PARTIES

5.  Plaintiff, Michael Gutman, resides at 3 Sadore Lane, Yonkers, New York 10710 and his telephone number is (914) 396-5543.

6.  Michael Gutman's date of birth is May 18, 1937, and he is over the age of 40.

7.  Upon information and belief, defendant, The College Network, Inc. ("TCN"), is a foreign corporation with offices located in Tarrytown, Westchester County, New York and 3815 River Crossing Parkway, Suite 260, Indianapolis, Indiana 46240, and its telephone number is (800) 395-3276.

## THE FACTS COMMON TO BOTH CAUSES OF ACTION

8.  On or about October 31, 1997, Michael Gutman became an employee of TCN, a company that provided seminars and other services to nurses so that they could obtain advanced educational degrees.

9.  At the commencement of his employment, Mr. Gutman and TCN entered into a written employment agreement ("Agreement").

10. The Agreement, and an Exhibit annexed thereto, specified the salary and commission due Mr. Gutman, and provided that the Agreement could only be terminated upon ten days' written notice.

141860v1

11. Mr. Gutman worked for TCN from his home in Yonkers, New York and, beginning November 1999, from TCN's Tarrytown Office. Mr. Gutman was charged with developing an in-home sales force to market TCN's product, and he himself would also engage in marketing activities.

12. In his capacity as an employee of TCN, Mr. Gutman recruited, trained and deployed a sales force throughout the east coast of the United States, from Maine to South Carolina, including New York State.

13. After approximately one to two years, Mr. Gutman had built a sales force and his region had the highest sales for TCN.

14. In approximately May 2004, Mr. Gutman was invited to go to the home of TCN's Chief Executive Officer, Mr. Gary Iyler.

15. While in Indiana, Mr. Iyler implied a desire to hire younger employees for TCN, and stated how happy he was that so many of TCN's employees were "young and energetic" guys.

16. As part of this effort, and shortly after Mr. Iyler's statement was made to Mr. Gutman concerning "young and energetic" employees, Mr. Gutman's territory was reduced, with a substantial portion being transferred to younger employees.

17. Thereafter, TCN made a concerted effort to hire younger employees not based on merit, but solely to have a younger work force.

141860v1

18. Eventually, on September 3, 2004, Mr. Gutman's employment was terminated without cause, and without the appropriate notice being given as provided by his contract.

19. Mr. Gutman's duties and responsibilities were then transferred to younger employees, including individuals under the age of 40.

20. Thereafter, TCN refused to pay Mr. Gutman the commissions due him under the Agreement.

21. Plaintiff's termination of employment by TCN was improperly motivated by his age, and defendant's policy of terminating older employees and replacing them with younger individuals.

22. Upon information and belief, TCN terminated other older employees over the age of forty and replaced them with younger individuals solely based on their age.

23. At the time his employment was terminated, Michael Gutman's annual salary and commission was $290,000, plus benefits.

24. As a result of his wrongful termination, plaintiff has suffered economic losses as well as emotional distress.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Age Discrimination in Employment Act)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as if fully set forth herein.

141860v1

26. Defendant's actions violated the federal Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §621 *et seq.*)

27. By reason of the foregoing, defendant is liable to plaintiff for compensatory damages in the amount of $1 million, punitive damages in the amount of $2 million, together with attorneys' fees for this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York State Executive Law)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" of this complaint as if fully set forth herein.

29. Defendant's actions violated the New York State Human Rights Laws (Executive Law §290 *et seq.*).

30. By reason of the foregoing, defendant is liable to plaintiff for compensatory damages in the amount of $1 million, punitive damages in the amount of $2 million, together with attorneys' fees for this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" of this complaint as if fully set forth herein.

32. TCN breached the Agreement by failing to provide written notice of termination and failing to pay the commissions due plaintiff.

33. By reason thereof, plaintiff has suffered damages in an amount to be determined, but believed to exceed $250,000.

141860v1

**WHEREFORE**, plaintiff demands relief for (1) $1 million in compensatory damages and $2 million in punitive damages on the first cause of action; (2) $1 million in compensatory damages and $2 million in punitive damages on the second cause of action; (3) an amount to be determined, but believed to exceed $250,000 on the third cause of action; (4) attorneys' fees, costs and disbursements incurred as a result of this action; and (5) any other and further relief this Court deems just and necessary.

Dated:  Garden City, New York
              February 6, 2006

                                              **REISMAN, PEIREZ & REISMAN, L.L.P.**

                                        By:    /s/ E. Christopher Murray
                                                  E. Christopher Murray (CM-8980)
                                        Attorneys for Plaintiff
                                        1305 Franklin Avenue
                                        PO Box 119
                                        Garden City, New York
                                        (516) 746-7799